**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| BECKY CHEDESTER, *et al.*, | * |
| | * |
|     Plaintiffs, | * |
| | * |
| vs. | * |
| | * CIVIL ACTION NO. 21-00447-KD-B |
| GEBRUEDER KNAUF | * |
| VERWALTUNGSGESELLSCHAFT KG, | * |
| *et al.*, | * |
| | * |
|     Defendants. | * |

**ORDER**

A status conference was conducted before the undersigned Magistrate Judge on November 1, 2022. Counsel for the parties participated by telephone. During the conference, counsel for the parties disagreed about how this action should proceed after being severed from Elizabeth Bennett, et al. v. Gebrueder Knauf Verwaltungsgesellschaft KG, et al., No. 5:14-cv-02204 (N.D. Ala.) ("Bennett"). Counsel for Plaintiffs argued that case-specific discovery should be allowed at this juncture. Counsel for Defendants argued that all discovery, including expert disclosures and depositions, was conducted while this case was a part of In re: Chinese-Manufactured Drywall Products Liability Litigation (MDL No. 2047), in the Eastern District of Louisiana, and that this case should therefore proceed to the dispositive motion stage.

At the Court's direction, the parties filed briefs supporting their respective positions.  (Docs. 44, 45).

The undersigned has carefully reviewed the parties' briefs and has also reviewed the Bennett action and other actions that were severed from the Bennett case, and the Court finds that no additional discovery is warranted.  By way of background, this case involves Chinese-manufactured drywall that was manufactured by Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd (collectively referenced as the "Knauf Defendants") and other unrelated entities.  This case was commenced in November 2014 as part of a class action styled Elizabeth Bennett et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al., No. 5:14-cv-02204 (N.D. Ala.), one of many cases filed against Defendants alleging that the materials used to make the drywall break down and release harmful sulfur compounds and other noxious gases which cause rapid sulfidation and result in damage to personal property, as well as personal injury resulting in eye irritation, sore throat and cough, nausea, fatigue, shortness of breath, fluid in the lungs, and/or neurological harm.  (See Doc. 1).  According to Plaintiffs, Defendants acted recklessly, wantonly, and/or negligently in the manufacture, export, import, distribution, delivery, supply, inspection, installation, marketing, and/or sale of the defective drywall.  (Id.).

The Bennett class action was transferred in December 2014 to In re: Chinese-Manufactured Drywall Products Liability Litigation (MDL No. 2047), which is a multidistrict litigation action that was formed years earlier due to the volume of cases involving Chinese drywall and the commonality of issues in those cases.  The parties agree that the MDL court issued case management orders. In one of the orders, the MDL court addressed the extensive discovery that had been conducted since the inception of MDL 2047 in June 2009, noted that the extensive discovery, including depositions, had been provided to Plaintiffs' counsel in the form of a trial package submitted by the Plaintiff Steering Committee, and held that any additional defendant discovery would only be permitted upon a good faith showing that the requested information was not available through prior discovery and was essential to the claims in the operative complaint.  (See Doc 44).  After the close of discovery, the Bennett class action was remanded to the Northern District of Alabama.  (Doc. 7).  After attempts to mediate the Bennett case proved unsuccessful, the Court severed and transferred the claims of the Plaintiffs in this action and other plaintiffs whose affected properties were outside the Northern District of Alabama.  (Doc. 26).  In the transfer order, the Bennett court directed plaintiffs' counsel in the severed cases to file amended complaints that asserted claims consistent with the fifth amended complaint.  Id. at 8.  The court directed that the

3

"caption of the amended complaints shall contain only the names of the individual Plaintiffs whose claims have been severed and the Defendants that are the subject of that specific claim." Id. at 8-9.  After severing those plaintiffs whose affected properties were located outside the Northern District of Alabama, the Bennett court entered an order setting a briefing schedule for summary judgment motions.  Bennett, ECF No. 30.

As noted supra, the undersigned has carefully reviewed the parties' briefs, as well as the Bennett action and other actions that were severed by the Bennett court.  Having done so, the undersigned finds that no additional discovery is warranted. Indeed, while Plaintiffs argue that case-specific discovery should be allowed, they have not identified the specific discovery that is needed.  Instead, they have asserted that the issues of liability and causation were resolved in MDL 2047, and that Defendants should be required to file stipulations similar to those they filed in other severed actions.  Given that Defendants have agreed to provide the requested stipulations, the undersigned denies Plaintiffs' request for additional discovery.

Consistent with the order of the court in Bennett, Plaintiffs' counsel is directed to file, by no later than **December 30, 2022**, an amended complaint that asserts claims consistent with the fifth amended complaint.  The caption of the amended complaint shall contain only the names of the individual Plaintiffs whose claims

have been severed and are a part of this action, and only those Defendants that are the subject of those specific claims.  Any motion for summary judgment shall be filed by **January 27, 2023.**[1]

    **ORDERED** this **5th** day of **December, 2022.**

                       **/s/SONJA F. BIVINS**
                  **UNITED STATES MAGISTRATE JUDGE**

---

[1] While Plaintiffs contend that Defendants were afforded an opportunity to file case-specific summary judgment motions in the MDL action, they have not provided any documentation in support of their assertion.